**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RAYFUL EDMOND, III, <br>　　　　　　　Defendant. | Crim. Action No. 89-162-1 (EGS) <br> UNDER SEAL |

<u>**MEMORANDUM OPINION**</u>

**I.    Introduction**

In 1990, Defendant Rayful Edmond, III ("Mr. Edmond") was
sentenced to life in prison after a jury convicted him on
various charges stemming from his leading role in a large-scale
cocaine distribution operation in the District of Columbia. *See*
*United States v. Edmond*, 52 F.3d 1080, 1087 (D.C. Cir. 1995)
(per curiam). For Mr. Edmond's substantial assistance, the Court
granted the government's Rule 35(b) motion on February 23, 2021,
reducing Mr. Edmond's sentence to twenty-years imprisonment and
a life term of supervised release. *See United States v. Edmond*,
No. 89-162 (EGS), 2021 WL 706534, at *25 (D.D.C. Feb. 23, 2021).

A year later, on February 24, 2022, Mr. Edmond moved the
Court to further reduce his sentence by filing a motion for
relief under 18 U.S.C. § 3582(c), arguing that Amendment 782 to
the federal Sentencing Guidelines should be applied
retroactively to reduce his sentence. *See* Sealed Mot. for Relief

Under 18 U.S.C. § 3582(c) Based on Amendment 782 to the Guidelines Manual ("Def.'s Amend. 782 Mot."), ECF No. 332.[1] While this motion was pending, on July 7, 2022, Mr. Edmond also filed a motion for a sentence reduction under § 404(b) of the First Step Act of 2018. *See* Mot. for a Sentence Reduction Under § 404(b) of the First Step Act ("Def.'s § 404(b) Mot."), ECF No. 345. On February 14, 2023, the Court denied both motions, rejecting Mr. Edmond's request to further reduce his twenty-year sentence. *See* Mem. Op. (Feb. 14, 2023), ECF No. 358; Order (Feb. 14, 2023), ECF No. 359.

Now, Mr. Edmond again moves the Court to reduce his sentence, having filed: (1) a motion for the Court to "reconsider its [ ] Memorandum Opinion issued on February 14, 2023 [ ] denying his Motion for a Sentence Reduction Under § 404(b) of the First Step Act of 2018 [ ] and his Motion for a Reduced Sentence Under Guideline Amendment 782," Def.'s Mot. for Reconsideration of Mem. Op. of Feb. 14, 2023 Denying Relief ("Def.'s Mot. for Reconsideration"), ECF No. 361; Def.'s Supp. Mem. of Case Auth. in Support of Mot. for Reconsideration ("Def.'s Supp. Mem. for Reconsideration"), ECF No. 362; and (2) a motion for the Court to reduce his sentence pursuant to "18

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

U.S.C. § 3582(c) [b]ased on [a]mendments 750 and 759 of the U.S. Sentencing Guidelines Manual," *see* Def.'s Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amends. 750 & 759 of the U.S.S.G. Manual ("Def.'s Amends. 750 & 759 Mot."), ECF No. 373.

Upon careful consideration of the pending motions, the oppositions, the replies thereto, the applicable law and regulations, and the entire record, the Court **DENIES** Mr. Edmond's Motion for a Sentence Reduction Under Amendments 750 and 759 of the Sentencing Guidelines and **DENIES** his Motion for Reconsideration.

## II.  Background

The Court's previous Memorandum Opinions set forth the factual and procedural history of this case in detail, *see Edmond*, 2021 WL 706534, at *2-9; Mem. Op., ECF No. 358 at 3-21. Therefore, the Court will not reiterate this history in full here. The Court provides a brief factual and procedural history relevant to the current motions below.

### A. Mr. Edmond's Convictions & Sentences

Between 1985 and 1989, Mr. Edmond led a large-scale cocaine distribution conspiracy in the District of Columbia. *See Edmond*, 52 F.3d at 1091. Mr. Edmond's operation generated millions of dollars from the wholesale and retail distribution of cocaine and crack cocaine. *See* Sealed Presentence Report ("PSR") (Aug.

27, 1990), ECF No. 230 at 6 ¶ 5. In April 1989, Mr. Edmond was arrested on various criminal charges, *Edmond*, 52 F.3d at 1083; and he was committed without bond on April 15, 1989, PSR, ECF No. 230 at 1.

In December 1989, a jury found Mr. Edmond guilty of various charges related to his leading role in the cocaine distribution organization. *See Edmond*, 52 F.3d at 1087. During sentencing, Mr. Edmond's base offense level was set at 36 because the "offenses involved more than 50 kilograms of cocaine" under U.S.S.G. § 2D1.1(a)(3). PSR, ECF No. 230 at 14 ¶ 29; *see also* Resentencing Hr'g Tr. (Sept. 17, 1990), ECF No. 255 at 53 (finding that the conspiracy "involved more than 50 kilograms of cocaine and more than 500 grams of cocaine base"). After increasing the base level by six levels for the possession of a firearm or other dangerous weapon during the commission of the offense and Mr. Edmond's leading role in the organization, Mr. Edmond's total adjusted offense level was set at 42. *See* Letter from Glenn R. Schmitt, U.S. Sentencing Comm'n (Sept. 27, 2019), ECF No. 262 at 1 (noting that with a final offense level of 42 and a corresponding Criminal History Category of I, Mr. Edmond's Guidelines range was "life to life" after the application of U.S.S.G. § 5G1.1). Mr. Edmond was sentenced to life in prison for his crimes in the District of Columbia on September 19, 1990. Order, ECF No. 219 at 1.

While serving his sentence at the U.S. Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), Mr. Edmond was charged in the U.S. District Court for the Middle District of Pennsylvania following a two-year wiretap investigation. *See generally* Information (M.D. Pa. Aug. 6, 1996), ECF No. 291; *see also* Mot. Hr'g Tr. (Oct. 16, 2019), ECF No. 273 at 46. From 1992 to 1994, Mr. Edmond used his prison privileges at USP Lewisburg to broker drug deals between his associates in the D.C. area and fellow inmates with connections to cocaine production facilities in Colombia, South America. *See* Plea Hr'g Tr. (M.D. Pa. Aug. 8, 1996), ECF No. 295 at 6-7. Mr. Edmond pled guilty to Conspiracy to Possess with the Intent to Distribute more than Five Kilograms of Cocaine in the Middle District of Pennsylvania, and he was sentenced to thirty years imprisonment, to run consecutively to his sentence in the District of Columbia case. *See* Plea Agreement (M.D. Pa. Aug. 6, 1996), ECF No. 292 at 1-19; J & C (M.D. Pa. July 24, 1997), ECF No. 241-1 at 2-3; Sentencing Hr'g Tr. (M.D. Pa. July 23, 1997), ECF No. 296 at 41.

Mr. Edmond has received sentence reductions in this District and the Middle District of Pennsylvania. As stated above, on February 23, 2021, this Court granted the government's Rule 35(b) motion, reducing Mr. Edmond's previously imposed sentence in the District of Columbia from life imprisonment to twenty years and concluding that his previously imposed terms of

supervised release should be extended to a life term of supervised release. *Edmond*, 2021 WL 706534, at *25.

Mr. Edmond's sentence in the Middle District of Pennsylvania was reduced twice. First, pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the Guidelines Manual, Mr. Edmond's Pennsylvania sentence was reduced to 324 months (or twenty-seven years) imprisonment. *See* Mem. Op., No. 4:96-cr-00203 (M.D. Pa. Apr. 8, 2022), ECF No. 56 at 8. Then, in November 2022, Mr. Edmond's sentence in the Middle District of Pennsylvania was reduced to 288 months (or twenty-four years) imprisonment pursuant to the government's Rule 35(b) motion. Am. Judgment, No. 4:96-cr-00203 (M.D. Pa. Nov. 8, 2022), ECF No. 80 at 2. To date, Mr. Edmond has served thirty-five years in prison.

## B. The Court's February 14, 2023 Memorandum Opinion

After the Court granted the government's Rule 35(b) motion, reducing Mr. Edmond's life sentence to twenty years, Mr. Edmond moved the Court to further reduce his sentence pursuant to: (1) Amendment 782 to the Sentencing Guidelines, *see* Def.'s Amend. 782 Mot., ECF No. 332; Def.'s Amed. 782 Suppl., ECF No. 352; and (2) § 404(b) of the First Step Act, Def.'s § 404(b) Mot., ECF No. 345. The Court denied both of Mr. Edmond's motions. *See* Mem. Op., ECF No. 358. Given the importance of the Court's reasoning to Mr. Edmond's motion for reconsideration, the Court briefly summarizes its holdings below.

First, the Court rejected Mr. Edmond's argument that he was entitled to a sentence reduction from 240 to 151 months of imprisonment because the base offense level for his offense drug quantity—50 or more kilograms of cocaine but less than 150 kilograms of cocaine—fell from 36 to 34 under Amendment 782. *Id.* at 32. The Court emphasized that its recalculation of Mr. Edmond's offense level during the adjudication of the Rule 35(b) motion already utilized "the lower base offense level (34 not 36), stemming from the application Amendment 782." *Id.* Thus, Mr. Edmond was "barred from receiving the same benefit twice." *Id.* at 33.

Second, the Court denied Mr. Edmond's motion for a reduced sentence under § 404(b) of the First Step Act because, even though Mr. Edmond's super Continuing Criminal Enterprise ("CCE") conviction was a "covered offense," the Court held that "its exercise of discretion [under § 404(b)] is limited by 'the anchoring effect of' § 848(a)'s twenty-year mandatory minimum, such that Mr. Edmond cannot now receive a sentence reduction on his CCE conviction below twenty-years imprisonment." *Id.* at 46 (quoting *United States v. Palmer*, 35 F.4th 841 (D.C. Cir. 2022)). Given the Court's decision to resentence Mr. Edmond to twenty years imprisonment under Rule 35(b), the Court concluded that "Mr. Edmond ha[d] already received the lowest legally permissible sentence under § 404(b)." *Id.* at 50.

**C. Mr. Edmond's Pending Motions**

Pending before the Court are two motions filed by Mr. Edmond: (1) a motion for the Court to "reconsider its [ ] Memorandum Opinion issued on February 14, 2023 [ ] denying his Motion for a Sentence Reduction Under § 404(b) of the First Step Act of 2018 [ ] and his Motion for a Reduced Sentence Under Guideline Amendment 782," Def.'s Mot. for Reconsideration, ECF No. 361; and (2) a motion for the Court to reduce his sentence pursuant to "18 U.S.C. § 3582(c) [b]ased on [a]mendments 750 and 759 of the U.S. Sentencing Guidelines Manual," *see* Def.'s Amends. 750 & 759 Mot., ECF No. 373. The government filed oppositions to both motions, opposing Mr. Edmond's requests to further reduce his sentence. *See* Gov.'s Opp. to Def.'s Mot. for Reduction of Sentence ("Gov.'s Opp. to § 3582(c)(2) Motion"), ECF No. 374; Gov.'s Opp. to Def.'s Mot. for Reconsideration, ECF No. 377. Thereafter, Mr. Edmond filed replies. *See* Reply to U.S. Opp. to Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amends. 750 & 759 of the U.S.S.G. Manual, ("Def.'s § 3582(c)(2) Reply"), ECF No. 375; Sealed Reply to Gov.'s Opp. to Def.'s Mot. for Reconsideration of Memo Opinion of Feb. 14, 2023 Denying Relief ("Def.'s Reconsideration Reply"), ECF No. 378.[2]

---

[2] While these motions have been pending, Mr. Edmond has filed multiple notices and letters. *See* ECF Nos. 366, 367, 368, 369,

### III. Standard of Review

#### A. Section 3582(c) Motion Based on Amendments 750 and 759

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, a court may modify a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* § 3582(c)(2). A court considering a motion under § 3582(c)(2) "is to engage in a limited, two-step inquiry." *United States v. Wilson*, No. 05-100-02, 2019 WL 102109, at *2 (D.D.C. Jan. 4, 2019). First the court must assess: (1) the defendant's eligibility for a sentence modification, i.e., if the relevant amendment to the Sentencing Guidelines (listed in U.S.S.G. § 1B1.10(d)) is applicable to the defendant and has the effect of lowering his Guidelines range; and (2) the extent of the reduction authorized. *Dillon v. United States*, 560 U.S. 817, 827 (2010); U.S.S.G. § 1B1.10(a)(2). To do so, the court must determine "the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in

---

379, 382, 383, 385. The Court does not address these filings as they were not filed as motions nor briefed by the parties.

effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). The court must substitute only the relevant amendment for the "corresponding guideline provisions that were applied when the defendant was sentenced" and must "leave all other guideline application decisions unaffected." *Id.*; *see Dillon*, 560 U.S. at 831 (labeling sentencing decisions not impacted by the relevant amendment "outside the scope" of § 3582(c)(2)).

Second, if the defendant is eligible for a sentence modification, the district court must then, using its discretion, consider any applicable factors set forth in 18 U.S.C. § 3553(a) to determine whether the reduction is "warranted in whole or in part under the particular circumstances of the case." *United States v. Wyche*, 741 F.3d 1284, 1292 (D.C. Cir. 2014) (quoting *Dillon*, 560 U.S. at 827). Reference to the § 3553(a) factors "is appropriate only at the second step of this circumscribed inquiry," and "it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings." *Dillon*, 560 U.S. at 827.

### B. Motion for Reconsideration

"Although the Federal Rules do not specifically provide for motions for reconsideration in criminal cases, the Supreme Court has recognized, in dicta, the utility of such motions." *United States v. Ferguson*, 574 F. Supp. 2d 111, 113 (D.D.C. 2008) (citing *United States v. Dieter*, 429 U.S. 6, 8 (1976) (citing

*United States v. Healy*, 376 U.S. 75 (1964))). Courts in this district have therefore "assumed, without deciding, that they may consider motions for reconsideration in criminal cases[,]" *United States v. Bagcho*, 227 F. Supp. 3d 28, 31 (D.D.C. 2017) (citations omitted); and have entertained such motions "in criminal cases by importing the standards of review applicable in motions for reconsideration in civil cases[,]" *see United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015) (collecting cases). Judges in this district "have adopted the standard from Rule 59(e) of the Federal Rules of Civil Procedure, under which a motion for reconsideration need not be granted unless there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Bagcho*, 227 F. Supp. 3d at 31 (quoting *United States v. Cabrera*, 699 F. Supp. 2d 35, 40–41 (D.D.C. 2001)).

## IV.  Analysis

The Court begins by addressing Mr. Edmond's request to reduce his sentence based on Amendments 750 and 759 to the Sentencing Guidelines. Then, the Court turns to Mr. Edmond's motion for the Court to reconsider its February 14, 2023 Memorandum Opinion.

### A. Section 3582(c) Motion Based on Amendments 750 and 759

Mr. Edmond argues that he is entitled to a sentence reduction because Amendments 750 and 759 decreased the base offense level for his offense. Def.'s Amends. 750 & 759 Mot., ECF No. 373 at 5-6 (urging the Court to apply a total offense level of 36). The government argues that Mr. Edmond's sentence cannot be reduced because Mr. Edmond completed his sentence for this case on April 15, 2009. Gov.'s Opp. to § 3582(c)(2) Motion, ECF No. 374 at 2. Therefore, the government urges the Court to deny Mr. Edmond's motion as moot. *Id.* Before addressing the merits of Mr. Edmond's request for a sentence reduction, the Court must address the government's mootness argument.[3]

### 1. Mr. Edmond's Pending Motion is Moot

In response to the government's mootness argument, Mr. Edmond argues the government waived any claim that a request for a sentence reduction was moot by failing to raise mootness in response to Mr. Edmond's previous motions to reduce his sentence. Def.'s § 3582(c)(2) Reply, ECF No. 375 at 2-3. However, because the Court lacks jurisdiction to consider a case that has become moot, the parties cannot waive (or forfeit) mootness challenges. *See Larsen v. U.S. Navy*, 525 F.3d 1, 3-4

---

[3] The government's oppositions to the pending motions are the first time a party raised the issue of mootness following the Court's Rule 35(b) decision. Thus, the Court did not address it previously.

(D.C. Cir. 2008). Therefore, the government did not waive the mootness argument, and the Court must now consider it.

A case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Schmidt v. United States*, 749 F.3d 1064, 1068 (D.C. Cir. 2014) (quoting *Larsen*, 525 F.3d at 3-4 (internal quotations omitted)). The question before the Court is whether the completion of a prison sentence renders requests for a sentence reduction under § 3582(c) moot where the defendant is still serving a consecutive sentence imposed at a different time by a different court. The Court starts with the policy consideration in § 1B1.10(b)(2) of the Sentencing Guidelines which provides, "[I]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2). Consistent with this policy statement, and other circuits to have addressed this issue, the Court concludes that Mr. Edmond is ineligible for a sentence reduction in this case because he is no longer imprisoned for his District of Columbia case, making his request moot.

Mr. Edmond relies heavily on cases analyzing the "in custody" requirement in habeas corpus proceedings. Arguing that the Court should view Mr. Edmond's "consecutive sentences in the aggregate," equating to one, single sentence that Mr. Edmond is

still serving, Mr. Edmond points to the Supreme Court's decision in *Garlotte v. Fordice*, 515 U.S. 39 (1995). *See* Def.'s § 3582(c)(2) Reply, ECF No. 375 at 1–2. In *Garlotte*, the defendant, who was incarcerated under consecutive prison sentences, sought to challenge the constitutionality of the conviction "underlying the sentence that ran first in a consecutive series, a sentence already served." *Garlotte*, 515 U.S. at 41. The Supreme Court concluded that the defendant was "in custody" for habeas purposes even though he had completed the sentence for the conviction he wished to challenge. *Id.* at 46–47.

Various circuit courts, to which the government points, have declined to extend the Supreme Court's holding in *Garlotte* to requests for sentence reductions under § 3582(c). *See, e.g.*, *United States v. Martin*, 974 F.3d 124, 144 (2d Cir. 2020) (finding motion for a reduced sentence under the First Step Act moot, refusing to aggregate consecutive sentences); *United States v. Llewlyn*, 879 F.3d 1291, 1297–98 (11th Cir. 2018) (affirming district court's holding that request for sentence reduction was moot where defendant already completed relevant sentence); *United States v. Chapple*, 847 F.3d 227, 230–31 (5th Cir. 2017) (affirming district court's denial of defendant's § 3582(c) motion for a sentence reduction for a previously served sentence). The parties do not cite, nor has the Court located,

cases addressing this issue in the Court of Appeals for the District of Columbia ("D.C. Circuit").

The facts in the decision of the Court of Appeals for the Eleventh Circuit in *Llewlyn* are very similar to those of Mr. Edmond's case. In *Llewlyn*, the defendant was serving consecutive sentences imposed by different courts at different times, and he sought to have his first sentence reduced under § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. *Llewlyn*, 879 F.3d at 1293. The court held that the defendant's request was moot because the defendant had already completed the 110-month sentence he sought the court to reduce. *Id.* at 1295. Even though the defendant was still incarcerated pursuant to a consecutive sentence, the court declined to extend *Garlotte* and rejected the notion that the defendant was serving a single, aggregated sentence. *Id.* at 1295-96. The court noted that treating the consecutive sentences as one single sentence "would render the concept of 'consecutive sentences' imposed at different times meaningless." *Id.* at 1295.

Other courts have similarly distinguished the Supreme Court's decision in *Garlotte* by emphasizing the unique purpose of a habeas proceeding to challenge the constitutionality of a conviction. *See Llewlyn*, 879 F.3d at 1296; *United States v. Vaughn*, 806 F.3d 640, 645 (1st Cir. 2015) (declining to extend *Garlotte* because "federal habeas is a unique context and the 'in

custody' requirement has traditionally received construction
that may be fairly viewed as sui generis"); *Chapple*, 847 F.3d at
230 (agreeing with the First Circuit in *Vaughn* that habeas is a
"unique context"). Additionally, courts have pointed to the
specific aggregation language in § 3584(c), noting that Congress
only intended for consecutive sentences to be aggregated and
treated as one sentence for *administrative* purposes. *See Vaughn*,
640 F.3d at 644 ("Applying § 3584(c) to [§ 3582(c)(2) sentence
reductions] would essentially rewrite the statute to extend
aggregation to *all* purposes."); *Martin*, 974 F.3d at 137
("Section 3584(c) provides no textual support for the position
that sentences may be aggregated for the purpose of resentencing
. . . . Thus . . . courts require specific modification
authorization . . . for each term of imprisonment . . . .").

        For the reasons above, the Court is persuaded that it will
not aggregate Mr. Edmond's consecutive sentences and treat them
as a single sentence for the purpose of resentencing. When Mr.
Edmond was sentenced in the District of Columbia, no other
prison sentences were imposed. The conduct and facts underlying
his Middle District of Pennsylvania conviction and sentence are
entirely separate from those in the District of Columbia. Mr.
Edmond's consecutive sentences were imposed at two different
times, by two different judges, in two different district
courts. Pursuant to this Court's reduction of Mr. Edmond's

sentence, he completed his twenty-year term of imprisonment for his conviction in the District of Columbia in 2009,[4] and he continues to serve his prison sentence for his conviction in the Middle District of Pennsylvania. The Court agrees that treating these as one sentence for resentencing now would negate the purpose of imposing consecutive sentences, interfering with the sentence of the court that imposed Mr. Edmond's sentence in the Middle District of Pennsylvania. *See United States v. Askew*, 823 F. App'x 771, 776 (11th Cir. 2020) ("Allowing a retroactive reduction to [defendant's] already-served [] sentence would allow one district court to 'indirectly interfere with the sentencing decisions of another' . . . ." (quoting *Llewlyn*, 879 F.3d at 1298)). Had Mr. Edmond "never had his second criminal case, he would have been released [upon the issuance of this Court's February 23, 2021 Memorandum Opinion and Order], and it would be readily apparent there was no prison sentence left to reduce." *Id.*

---

[4] Notably, when the Court reduced Mr. Edmond's sentence on February 23, 2021 from life in prison to twenty years for his cooperation with the government, the completion date of Mr. Edmond's District of Columbia sentence was retroactively set to April 2009. *See Edmond*, 2021 WL 706534, at *25. Therefore, Mr. Edmond automatically began serving the sentence imposed in the Middle District of Pennsylvania. This sentence reduction is consistent with the Court's holding here because at the time of the Court's Rule 35(b) reduction, Mr. Edmond was serving a life sentence in prison imposed by this Court.

In his Reply briefing, Mr. Edmond argues that his sentence in the District of Columbia is not fully served because he was sentenced to a life term of supervised release. *See* Def.'s § 3582(c)(2) Reply, ECF No. 375 at 4. Mr. Edmond failed to put forward any authority supporting this notion. Moreover, in the cases where circuit courts have found a defendant's request for a sentence reduction moot due to a completed prison sentence, those defendants had pending sentences of supervised release. *See, e.g.*, *Llewlyn*, 879 F.3d at 1293 (defendant had three years of supervised release following his completed sentence); *Martin*, 879 F.3d at 132, n.9 (rejecting defendant's argument that his sentence was not complete because he had a term of supervised release post imprisonment). In any event, Mr. Edmond's initial brief only sought a reduced prison sentence—Mr. Edmond cannot "create a live controversy by expanding the request to a modification of the supervised release portion of his sentence." *Martin*, 879 F.3d at 132, n.9.

Consistent with the policy statement of the Sentencing Guidelines, the Court concludes that Mr. Edmond's request for a sentence reduction is moot because he is no longer incarcerated for his convictions in this case. *See Vaughn*, 806 F.3d at 643 ("Because the applicable policy statement provides that '[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served,' [ ] no

reduction is available to [the defendant]." (quoting U.S.S.G. § 1B1.10(b)(2)(C))); *Askew*, 823 Fed. App'x at 776 ("The mere fact that [the defendant] committed other crimes for which he has a separate sentence does not permit him to obtain a reduction in a prior sentence he already completed in a different case.").

For these reasons, the Court **DENIES** Mr. Edmond's motion for a sentence reduction under Amendments 750 and 759 as moot.

### 2. Mr. Edmond Already Benefitted from Amendments 750 & 759 in the Court's Rule 35(b) Decision

Although the Court denies Mr. Edmond's motion for a sentence reduction as moot, the Court notes that it would achieve the same result if it had reached the merits of Mr. Edmond's request. In his § 3582(c) motion, Mr. Edmond argues that the Court should grant him a sentence reduction from 240 months (twenty years) to 210 months based on the retroactive application of Amendment 750 to the Sentencing Guidelines. Def.'s Amends. 750 & 759 Mot., ECF No. 373 at 9. Specifically, Mr. Edmond seeks for the Court to apply a total offense level of 36, "reflecting a two level reduction from Level 38, [making] his new guideline range [] 188-235 [months]." *Id.*

Amendment 750, "which reduced the base offense level for quantities of crack," became effective on November 1, 2011. *United States v. Yansane*, 196 F. Supp. 3d 16, 19–20 (D.D.C. 2016); *see* U.S.S.G. App. C, Vol. III, Amends. 750 (2011), and

759 (2011). Amendment 750 focused on the base levels for crack cocaine offenses, but three years later, on November 1, 2014, the Sentencing Commission, under Amendment 782, again "lowered the base offense levels by two points for *nearly all drug offenses*, effective November 1, 2014." *Yansane*, 196 F. Supp. 3d at 20 (emphasis added). For the same reasons the Court denied Mr. Edmond's motion for a sentence reduction under Amendment 782, *see* Mem. Op., ECF No. 358 at 30-36; the Court again concludes that Mr. Edmond is ineligible for a sentence reduction under Amendments 750 and 759 because he has already received the benefits of these amendments and application of the amendments would not lower his sentence. The Court briefly explains its reasoning below, but it incorporates its reasoning from the February 14, 2023 Memorandum Opinion.

In response to the government's Rule 35(b) motion, the probation officer re-calculated Mr. Edmond's guideline range using the 2018 Sentencing Guidelines. *Edmond*, 2021 WL 706534, at *20. At that time, Mr. Edmond's base offense level was recalculated to be 34, and with the enhancements for a firearm (+2) and his leading role (+4), his total offense level was determined to be 40.[5] *Id.* The 2018 Sentencing Guidelines Manual, "incorporate[ed] amendments effective November 1, 2018, and

---

[5] Notably, unlike Mr. Edmond asserts, Mr. Edmond's total offense level has never been 38.

earlier." U.S.S.G. (Nov. 1, 2018). Thus, any relief Mr. Edmond
was entitled to under Amendment 750, was considered in the
Court's 35(b) reduction in his sentence, and "he is therefore
barred from receiving the same benefit twice." Mem. Op., ECF No.
358 at 33.

Moreover, the Court concludes that Mr. Edmond's application
of the Sentencing Guidelines and base offense levels is
erroneous. Just as in his Amendment 782 Motion, Mr. Edmond
argues that the Court should utilize the total offense level of
38, the offense level to which his "sentence under Rule 35(b)
[of] 240 months" correlates. Def.'s Amends. 750 & 759 Mot., ECF
No. 373 at 6, 9 (attempting to use 38 as the starting point to
subtract two levels from for the application of Amendment 750,
to arrive at a guideline range of 188 to 235 months). Just as
before, the Court concludes that this argument is meritless.
Furthermore, Mr. Edmond cites to no new legal authority to
support this application. Mem. Op., ECF No. 358 at 34–35.

Finally, Mr. Edmond suggests that the Court has discretion
to reduce Mr. Edmond's sentence below the twenty-year minimum
because of Mr. Edmond's cooperation with the government. Def.'s
Amends. 750 & 759 Mot., ECF No. 373 at 3. To the extent Mr.
Edmond is arguing that the Court should have reduced his
sentence below the statutory minimum when ruling on the

government's Rule 35(b) motion, that issue is not before the Court.[6]

### B. The Court Denies Mr. Edmond's Motion for Reconsideration

Next, the Court turns to Mr. Edmond's motion for reconsideration of its prior Memorandum Opinion, in which this Court denied Mr. Edmond's motions for a sentence reduction under Amendment 782 and the First Step Act. *See* Def.'s Mot. for Reconsideration, ECF No. 361; Mem. Op., ECF No. 358. Mr. Edmond advances the same arguments for reconsideration of both motions, so the Court addresses them simultaneously.[7]

Mr. Edmond does not contend that there has been an intervening change of controlling law or that there is newly available evidence. Instead, he argues that the Court improperly, and contrary to binding case law, held that its discretion to reduce Mr. Edmond's sentence is bound by the twenty-year statutory minimum for a super CCE offense under 21 U.S.C. § 848(c). *See* Def.'s Mot. for Reconsideration, ECF No. 361 at 6. Mr. Edmond argues that the Court reached this decision

---

[6] When deciding on Mr. Edmond's reduced sentence pursuant to the government's Rule 35(b) motion, the Court acknowledged its ability to reduce his sentence below the statutory minimum. *Edmond*, 2021 WL 706534, at *9. However, the Court used its discretion to sentence Mr. Edmond to twenty-years imprisonment. *Id.* at 25.

[7] Other than three sentences about the Court's ruling on Mr. Edmond's Amendment 782 motion, Mr. Edmond's arguments focus solely on the Court's analysis of his § 404(b) motion.

by incorrectly interpreting the D.C. Circuit's holding in
*Palmer*. The government argues that Mr. Edmond is merely
attempting to improperly re-argue facts and theories that the
Court has already ruled on. *See* Gov.'s Opp. to Def.'s Mot. for
Reconsideration, ECF No. 377 at 3-5. Accordingly, the only issue
for the Court to decide is whether it committed a legal error in
holding that it could not exercise its discretion to further
reduce Mr. Edmond's sentence below the statutory minimum based
on the holding in *Palmer*.

Upon review of Mr. Edmond's arguments and cited authority,
the Court concludes that there is no clear error requiring the
Court to reconsider its prior Memorandum Opinion. Mr. Edmond
argues that *In re Sealed Case*, 722 F.3d 361 (D.C. Cir. 2013),
expressly rejected the Court's view that "present-day mandatory
minimums for drug offenses remain in place as a barrier for
cooperators who seek further relief under the First Step Act."
Def.'s Supp. Mem. for Reconsideration, ECF No. 362 at 1-2. The
Court concludes that Mr. Edmond's characterization and
application of *In re Sealed Case* is incorrect. In *In re Sealed
Case*, the court analyzed whether a defendant, who already
received a sentence reduction below the statutory minimum
pursuant to a government motion under 18 U.S.C. § 3553(e), was
precluded from a further sentence reduction under 18 U.S.C. §
3582. *See In re Sealed Case*, 722 F.3d at 363. Contrary to Mr.

Edmond's suggestion, the court did not hold that the First Step Act, or § 3582(c) alone, allows a district court to reduce a defendant's sentence below the statutory minimum. *Id.* In *Palmer*, the court expressly analyzed a request for a sentence reduction under the First Step Act and emphasized the "anchoring effect" of the statutory minimums. *Palmer*, 35 F.4th at 853. Mr. Edmond does not point to any authority, nor has the Court located any, permitting a district court to exercise its discretion to reduce a defendant's sentence below the statutory minimum under the First Step Act or § 3582(c)(2).[8]

Finally, Mr. Edmond argues that the Court's analysis "treats the prior 35(b) grant as a nullity," and "had the Court used 404(a)'s current twenty-year mandatory minimum as the starting point, the Court would certainly have reduced Mr. Edmond's sentence to well below twenty years under Rule 35(b)." Def.'s Mot. for Reconsideration, ECF No. 361 at 3, 7. The Court already ruled on the government's Rule 35(b) motion to reduce Mr. Edmond's sentence given his substantial cooperation. *See*

---

[8] Mr. Edmond argues the Court "made the same error" in denying his Amendment 782 motion by refusing to "exercise its discretion to reduce Mr. Edmond's sentence below any recommended guidelines based on the extent and significance of his cooperation." Def.'s Mot. for Reconsideration, ECF No. 361 at 3. The Court disagrees with Mr. Edmond's statement of the Court's reasoning for denying his Amendment 782 motion and concludes that Mr. Edmond has failed to show any legal error, new evidence, or change in controlling law for the Court to reconsider its decision.

*Edmond*, 2021 WL 706534. Again, to the extent Mr. Edmond is arguing that the Court should have reduced Mr. Edmond's sentence under Rule 35(b) to below the twenty-year statutory minimum, the Court's decision on that motion is not at issue here. As noted above, the Court acknowledged its ability to reduce Mr. Edmond's sentence below the mandatory minimum before concluding that the proper reduction under Rule 35(b) was to twenty years imprisonment. *Edmond*, 2021 WL 706534, at *17, 21.

For the reasons above, the Court concludes that it did not commit any legal error in declining to reduce Mr. Edmond's sentence below the statutory minimum under Amendment 782 or the First Step Act.[9] Therefore, the Court **DENIES** Mr. Edmond's motion for reconsideration of the Court's February 14, 2023 Memorandum Opinion.

---

[9] While the Court denies Mr. Edmond's motion for reconsideration based on the foregoing reasons, the Court recognizes that Mr. Edmond completed his sentence in this case long before filing the motions for a sentence reduction underlying the pending motion for reconsideration. The Court notes that its mootness holding above would be equally applicable to Mr. Edmond's previous requests for a sentence reduction, *see Askew*, 823 F. App'x at 775 (declining to aggregate consecutive sentences for request under First Step Act to reduce sentence where defendant had already completed first, "covered" prison sentence); *Martin*, 974 F.3d at 130 (finding motions for sentence reductions under § 3582(c)(2) and the First Step Act moot); but as indicated *supra* note 3, the issue was not previously raised by either party.

## V.    Conclusion

For the foregoing reasons, the Court **DENIES** Mr. Edmond's Motion for a Sentence Reduction Under Amendments 750 and 759, ECF No. 373; and **DENIES** Mr. Edmond's Motion for Reconsideration, ECF No. 361. An appropriate order accompanies this Memorandum Opinion.

**Signed:**    **Emmet G. Sullivan**
           **United States District Judge**
           **July 15, 2024**